NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

————————————————————— :
JAMES WILLIAMS,                          :
                    Petitioner,          :   Civil Action No. 06-2999 (JAG)
                                         :
         v.                              :          **O P I N I O N**
                                         :
MICHELLE R. RICCI,                       :
                                         :
              and                        :
                                         :
THE ATTORNEY GENERAL OF                  :
THE STATE OF NEW JERSEY,                 :
                                         :
                    Respondents.         :
————————————————————— :


**APPEARANCES:**

> JAMES WILLIAMS, #62870-545324a
> Petitioner Pro Se
> New Jersey State Prison
> Trenton, New Jersey  08625


**GREENAWAY, JR., District Judge**

Petitioner, JAMES WILLIAMS (hereinafter "Petitioner"), currently confined at the New Jersey State Prison, Trenton, New Jersey, filed a pro se petition seeking a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (hereinafter "Petition") and submitted due filing fees.

**<u>BACKGROUND</u>**

Petitioner was convicted in the Superior Court of New Jersey, Essex County, on July 21, 1982, for various crimes and offenses. <u>See</u> Pet. §§ 2-4. Petitioner appealed his conviction and sentence to the Superior Court of New Jersey, Appellate Division, and the Appellate Division remanded the case for re-sentencing by the trial court on February 28, 1986. <u>See id.</u> § 9. Petitioner sought a certificate to appeal the decision of the Appellate Division to the Supreme Court of New Jersey. The Supreme Court denied him certification in June of 1986. <u>See id.</u>

On a date unstated in the Petition, Petitioner sought post-conviction relief from the Superior Court of New Jersey. The court denied Petitioner's application as procedurally barred in April of 1999. <u>See id.</u> § 11. Petitioner appealed that decision to the Superior Court of New Jersey, Appellate Division, and the Appellate Division remanded the case to the trial court on November 22, 2000. The trial court denied Petitioner's application on July 15, 2004. <u>See id.</u> It is unclear from the face of the Petition whether Petitioner appealed that decision to the Superior Court of New Jersey, Appellate Division, and to the Supreme Court of New Jersey. <u>See id.</u> Petitioner filed his current application seeking a writ of habeas corpus on June 30, 2006.

**DISCUSSION**

Prior to examining Petitioner's application on its merits, this Court shall determine whether Petitioner's application to this Court seeking a writ of habeas corpus is time-barred.  <u>See</u> Long v. Wilson, 393 F.3d 390, 402-03 (3d Cir. 2004) (stating that a court may examine an application for a writ of habeas corpus <u>sua</u> <u>sponte</u> and citing <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042 & n.3 (9th Cir. 2001); <u>Acosta v. Artuz</u>, 221 F.3d 117, 123 (2d Cir. 2000); <u>Kiser v. Johnson</u>, 163 F.3d 326, 328-29 (5th Cir. 1999)).

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  In this case, the applicable limitations provision is § 2244(d)(1)(A).  Petitioner's judgment of conviction appears to be filed on June 21, 1982, <u>see</u> Pet. §, and the Supreme Court of New Jersey denied Petitioner's petition for certification on the unstated date in June of 1986. Because Petitioner's conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996.  <u>See</u> <u>Merritt v. Blaine</u>, 326 F.3d 157, 161 (3d Cir. 2003); <u>Nara v. Frank</u>, 264

3

F.3d 310, 315 (3d Cir. 2001); <u>Burns v. Morton</u>, 134 F.3d 109, 111 (3d Cir. 1998).  Absent statutory or equitable tolling, the limitations period expired on April 23, 1997.  See <u>id.</u>

The statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and, perhaps, equitable tolling.[1]  See <u>Merritt v. Blaine</u>, 326 F.3d 157, 161 (3d Cir. 2003); <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 617-18 (3d Cir. 1998).

A.    **Statutory Tolling**

Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2) (emphasis supplied). If Petitioner filed his application for post-conviction relief prior to April 23, 1997, Petitioner's 1-year period of limitation was statutorily tolled on the date when Petitioner filed that application, and the tolling was in effect up to the date when the Supreme Court of New Jersey denied Petitioner's petition for post-conviction relief (or until the expiration of the period to seek review from the Supreme Court of New Jersey of the denial of Petitioner's application for post-

---

[1] <u>Pace v. DiGuglielmo</u>, 125 S. Ct. 1807, 1814 n.8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

conviction relief).  Petitioner's Petition is, however, silent as to the date of such decision, hence preventing this Court from evaluating the timeliness of Petitioner's application meaningfully.

**B.    Equitable Tolling**

Presuming that the AEDPA statute of limitations is subject to equitable tolling, <u>see</u> <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 618 (3d Cir. 1998), "a litigant seeking equitable tolling [would] bear[] the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  <u>Pace v. DiGuglielmo</u>, 125 S.Ct. 1807, 1814 (2005).  The Third Circuit instructs that equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition <u>and</u> the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." <u>LaCava v. Kyler</u>, 398 F.3d 271, 275-276 (3d Cir. 2005) (emphasis in original).  Mere excusable neglect is not sufficient.[2]  <u>See</u>

_____

[2] Claim of "ineffective assistance of counsel" does not provide basis for equitable tolling.  <u>See</u> <u>Pace</u>, 125 S. Ct. at 1814 n.9 (dismissing the "ineffective assistance of counsel" excuse offered by the petitioner who asserted "that he received ineffective assistance of counsel at 'all levels of representation'" ).

id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Since Petitioner's Petition is silent as to any circumstances that might prompt this Court to consider equitable tolling, Petitioner's Petition, as it stands now, supplies this Court with no reason to apply the doctrine of equitable tolling cognizable under the 28 U.S.C. § 2244(d)(2).

**CONCLUSION**

Petitioner shall show cause as to why his Petition should not be dismissed for failure to meet the statute of limitations requirements set forth in 28 U.S.C. § 2244(d)(1).[3]

An appropriate Order accompanies this Opinion.

                              S/Joseph A. Greenaway, Jr.
                              JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: September 13, 2006

---

[3] Since Petitioner's § 2254 Petition appears to be time-barred, a Mason notice and order are not being issued as unnecessary and potentially misleading.  The Mason order allows a petitioner to withdraw a pending § 2254 application and file one all-inclusive § 2254 application (subject to the one-year statute of limitations).  The purpose of such notice and order is to provide fair warning to petitioners whose petitions are characterized as § 2254 applications so that these petitioners could ensure that all their claims are fully raised in a single all-encompassing § 2254 petition.  See Mason v. Meyers, 208 F.3d 414, 418 (3d Cir. 2000).  (Such warning is required since petitioners will thereafter be unable to file successive § 2254 petitions without certification by the Court of Appeals.  See id.)  However, if a petitioner's § 2254 application is time-barred, no purpose could be served by issuance of a Mason notice, and it would be misleading to suggest to the petitioner that he has an opportunity to withdraw his out of time application and yet file a new, all-inclusive § 2254 petition, since such new petition would be equally time-barred.

7