**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

|  |  |
|---|---|
| JAMES WILLIAMS, | : |
| Petitioner, | : Civil Action No. 06-2999 (JAG) |
| v. | : **O P I N I O N** |
| MICHELLE R. RICCI, | : |
| and | : |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : |
| Respondents. | : |

**APPEARANCES:**

    JAMES WILLIAMS, #62870-545324a
    Petitioner Pro Se
    New Jersey State Prison
    Trenton, New Jersey  08625

**Greenaway, Jr., District Judge**

On June 30, 2006, Petitioner, JAMES WILLIAMS (hereinafter "Petitioner"), currently confined at the New Jersey State Prison, Trenton, New Jersey, filed a pro se petition seeking a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (hereinafter "Petition"), and submitted due filing fees. See Docket Entry No. 1.

On September 14, 2006, this Court issued an order (hereinafter "September Order") directing Petitioner to show cause, in writing filed with the Clerk of this Court within 45 days of the date of this Order, as to why his Petition should not be dismissed for failure to meet the statute of limitations requirements, pursuant to 28 U.S.C. § 2244(d)(1). <u>See</u> Docket Entry No. 3. This Court also issued an accompanying Opinion (hereinafter "September Opinion") detailing the grounds for statutory and equitable tolling, applicable to the statute of limitations requirements. <u>See</u> Docket Entry No. 2.

On November 1, 2006, Petitioner filed with this Court Petitioner's letter (hereinafter "Letter") responding to the September Order. <u>See</u> Docket Entry No. 4. In his Letter, Petitioner asserted that he should be granted equitable tolling on the grounds that his post-conviction-relief counsel unduly delayed the submission of Petitioner's post-conviction-relief application. <u>See</u> <u>id.</u> at 2-3. This Court, however, explained to Petitioner in its September Opinion that errors of Petitioner's previous counsel or counsel's failure to proceed with alacrity cannot qualify as valid grounds for equitable tolling. <u>See</u> Docket Entry No. 2, at 5-6.

Therefore, this Petition shall be dismissed for failure to meet the statute of limitations requirements, pursuant to 28 U.S.C.

§ 2244(d)(1).  Petitioner has failed to set forth any basis for the application of statutory or equitable tolling.

## CERTIFICATE OF APPEALABILITY

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  This Court denies a certificate of appealability, pursuant to 28 U.S.C. § 2253(c), because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

**CONCLUSION**

For the foregoing reasons, Petitioner's Petition will be dismissed, and certificate of appealability will be denied. An appropriate order accompanies this Opinion.


                                        S/Joseph A. Greenaway, Jr.
                                        JOSEPH A. GREENAWAY, JR., U.S.D.J.


DATED: December 5, 2006

4